# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-288E |
| | ) | |
| v. | ) | |
| | ) | |
| CHERYL KENNY, et al, | ) | District Judge Susan Paradise Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter

Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] will be denied in accordance with 28 U.S.C. § 1915(g) and this case shall be closed until such time as Plaintiff pays the full filing fee of $400.00[1].

Plaintiff Wayne Pettaway, currently incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint against Cheryl Kenny, Records Supervisor, at SCI Albion and Superintendent Michael Clark. Plaintiff alleges that Kenny and Clark have failed to produce evidence of the "court order of restraint" against despite his repeated requests. As relief, Plaintiff seeks immediate release from incarceration. Plaintiff seeks leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915.  ECF No. 4.

---

[1] There is a filing fee of $350.00 and an administrative fee of $50.00. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific filer in this federal court. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Pettaway v. SCI Albion, C.A. No. 11-158Erie; Pettaway v. SCI Albion, C.A. No. 12-1396 (Third Circuit); Pettaway v. State of Pennsylvania, C.A. No. 13-1551Pittsburgh; Pettaway v. District Attorney Zappala, C.A. No. 15-1431Pittsburgh; Pettaway v. Overton, C.A. No. 13-213Erie; and Pettaway v. Overton, C.A. No. 15-2156 (Third Circuit).

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). See also Brooks-Bey v. Schmerfelt, 2011 WL 1398472, at *3 (M.D. Pa. March 21, 2011). There are no factual allegations in Plaintiff's self-titled "writ of mandamus" that indicate that Plaintiff is in any imminent danger.[2]

Because of these prior dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] will be denied in accordance with 28 U.S.C. § 1915(g) and this case shall be closed until such time as Plaintiff pays the full filing fee of $400.00. In accordance with

---

[2] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status. Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

Brown v. Sage, 903 F.3d 300, 307 (3d Cir. Sept.7, 2018), Plaintiff's complaint will remain lodged.

An appropriate Order follows.